### Babe Huff v. The State.

No. 3601. Decided June 5, 1907.

**1.—Local Option—Order of Commissioners Court—Validity of Election.**

Upon trial for a violation of the local option law, where the order of the commissioners court ordering said election, and the order declaring the result and the publication thereof were sufficient to put local option into operation, there was no error in admitting said proceedings in evidence and instructing the jury that the election was valid.

**2.—Same—Evidence—Harmless Error—Lowest Penalty.**

Where upon trial for a violation of the local option law, the court erroneously rejected testimony in extenuation and mitigation of the punishment in case de-

Huff v. The State. 551

fendant was found guilty, but the jury nevertheless assessed the lowest penalty, there was no ground .for reversal.

### 3.—Same—Principals—Charge of Court.

Where upon trial for a violation of the local option law, the evidence showed that defendant was a clerk and that he and another engaged in the transaction together in procuring the whisky for the prosecutor, and there was testimony that defendant had no interest in the whisky and that the other party had no interest in the business of the defendant's employer, and that the whole transaction was one of accommodation, the court should have given the special instruction that if defendant had no interest in the whisky and made no delivery of it to find the defendant not guilty.

Appeal from the County Court of McCulloch. Tried below before the Hon. C. A. Wright.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was convicted of violating the local option law; and prosecutes this appeal.

Appellant reserved exceptions to the order of the commissioners court of McCulloch County ordering said election, and to the order declaring the result and the publication thereof, for the same reasons which were urged to said proceedings in the case of Neal v. State, No. 3566, decided at a previous day of this term; and in accordance with our opinion, in said case we hold that the court did not err in admitting said proceedings, and in holding that the election was a valid election, and in instructing the jury accordingly.

During the trial appellant reserved an exception to the following testimony. Prosecuting witness Jake Pool was on the stand, and after his examination in chief, on cross-examination by the defendant, he was asked the following question: "When you told the defendant you wanted to buy or borrow some whisky, what did you tell him you wanted with it?" To which question the State's counsel objected, because it was immaterial what he told the defendant he wanted with it; which objection was, by the court, sustained, and witness not permitted to answer. Whereupon defendant's counsel asked said witness the following question: "Is it not a fact that you told the defendant that you wanted the whisky for persons who were sick at your home, and that you did not want it for yourself, or to drink in town, but wanted it to carry home in the country to your sick family?" To which question and answer solicited State's counsel objected, because the same was immaterial, which objection was, by the court, sustained, and the witness not permitted to answer. If the witness had been permitted to answer, he would have stated that he told defendant that his family was sick in the country, and that he wanted to buy or borrow some whisky to carry to

his family in the country; that he did not want it for himself or to be drunk in town. The court approved the bill with the following explanation: "The court informed defendant's counsel he would admit such evidence to be considered by the jury in mitigation of the punishment of defendant, if found to be guilty, but would not allow same to be considered for the purpose of exoneration." We believe this testimony was admissible; it was part of the res gestæ; it explains appellant's reason for wanting the whisky, and would go in mitigation of the penalty, as stated by the court. However, the jury found the smallest penalty, and consequently it would afford no ground for reversal.

Appellant excepted to the court's charge on principals, and excepted also to the refusal of the court to give his special requested instruction, as follows: "If you fail to find from the evidence that defendant had any title or interest in the whisky delivered to the witness Pool, you will find the defendant not guilty, and so say by your verdict." Second, "If the jury believe from the evidence that the State has failed to prove that the defendant and Steve Duke were acting together in the delivery of the whisky to witness Pool with a view of making a sale of said whisky to said witness, then you will acquit the defendant and say by your verdict not guilt." We believe that the requested charges should have been given. We quote the State's testimony on which it relies for a conviction for a sale of the whisky in question, substantially, as follows: Appellant was a clerk for one Teague in the town of Brady, and prosecutor Pool came into said Teague's place of business, and asked defendant if he could buy some whisky, to which defendant replied, no; he then asked defendant if he could borrow some, and appellant said he had none. About that time a man gave the defendant an order for some whisky, and the witness Pool asked defendant if he would order him some whisky, and appellant said he would have t' join the club, which he did by signing an instrument that had severa; names attached to it. Prosecutor then signed an order for two quarts of whisky, and paid appellant $1.25, and asked him when it would be there, to which appellant replied, if he got it off on the Menard hack that afternoon it would come the next day. Prosecutor then wanted to borrow a bottle of whisky, and asked defendant to loan him a quart until his should come. Appellant said he had none. About this time a young man came in and defendant said there is a man that has some whisky here, and he may loan you some. Prosecutor then asked the young man, whom he knew as Steve Duke, to loan him a quart of whisky, and informed him that he had ordered some whisky through appellant, and thereupon Duke told the defendant to let prosecutor have a quart of his whisky, and to replace it with the prosecutor's whisky when it came. The defendant then turned and stooped or squatted down behind the counter, and after a few minutes he got up and placed the bottle of whisky on the counter, which prosecutor took and carried to his buggy; that he did not come back to see whether the whisky he had ordered came or not. Steve Duke was introduced by

the State, and he testified about as did the prosecuting witness Pool, that he came in to the "Uno joint" when the defendant and the witness Pool were talking, and one of them asked if I would loan the witness Pool a quart of whisky; that he, witness, had a gallon of whisky in the house that he had ordered a week or two before that; he then asked Pool if he had ordered any, and the witness said he had, and he then told him that he would let him have a quart of his whisky to be replaced by prosecutor Pool's when it came, and appellant thereupon handed the prosecutor Pool a bottle of whisky. This witness further testified that the whisky the defendant let Pool have was his whisky; that he had bought and paid for it; that the defendant had no interest in it; that the defendant was not in his employ, and that he had no interest in the Uno joint where appellant was working.

Appellant was convicted on the theory that he participated with Steve Duke in a sale of the whisky in question; that is, that Duke made an exchange of said whisky with the prosecutor Pool, which, under the holding of this court, was a sale by Duke. Of course, if appellant participated in this exchange with Duke, then he might be guilty as a principal in a sale with Duke, but if he did not so participate, but what he did was merely to accommodate the purchaser, and not to aid Duke, the seller, he would not be guilty. The court's charge did not adequately present this issue to the jury, and while the charges asked by appellant were not full enough to present this issue, said charges would at least have directed the jury's attention to appellant's defense, and should have been given.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*